UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RICCA PRASAD                             )
                                         )
          *Plaintiff,*                   )
                                         )        **Civ. Action No. 15-cv-1779 (ABJ)**
     v.                                  )
                                         )
THE GEORGE WASHINGTON                    )
UNIVERSITY                               )
                                         )
          *Defendant.*                   )

**MOTION TO PROCEED UNDER PSEUDONYM**

Non-party Movant, Jane Doe, through undersigned counsel, respectfully moves for an order allowing her to proceed under pseudonym in this matter.  As set forth in the accompanying memorandum, and in the contemporaneously filed Motion to Oppose the Release of Unredacted Material, this matter involves sensitive and highly personal information about Jane Doe, in that it involves the sexual assault of Ms. Doe while she was a college student. The public release of this information will undoubtedly cause her emotional distress and mental harm and may result in retaliation against her by her assailant. While she was in college, Jane Doe was an innocent victim of a terrible crime and her privacy interests in her educational records regarding that crime and the disciplinary hearing that ensued far outweigh the interests of Plaintiff herein. Additionally, Plaintiff will not be prejudiced by the redaction of Jane Doe's name as the underlying information can still be made available to her, albeit in redacted form, for her use in the instant case.

WHEREFORE, Jane Doe respectfully requests that her Motion to Proceed Under Pseudonym be granted.

1

### MEMORANDUM IN SUPPORT OF JANE DOE'S MOTION TO PROCEED UNDER PSEUDONYM

This Court should allow Jane Doe, a non-party witness and the victim of a sexual assault as a young college student, to proceed in this matter under a pseudonym. Such an order will protect Jane Doe's privacy with regard to a very personal and traumatizing event and will not prejudice Plaintiff.

Although the D.C. Circuit has not established a specific test, courts in this district generally consider five factors when weighing requests for anonymity:

1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature;

2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties;

3) the ages of the persons whose privacy interests are sought to be protected;

4) whether the action is against a governmental or private party; and

5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Doe v. U.S. Dep't of State,* 1:15-cv-01971, 2015 WL 9647660 at *1 (D.D.C. Nov. 3 2015); *Nat. Assoc. of Waterfront Employers v. Chao*, 587 F. Supp.2d 90, 97 (D.D.C. 2008). As they apply here, these factors weigh in favor of granting the motion.

1. *Jane Doe seeks anonymity to preserve privacy in a matter of a sensitive and highly personal nature.* Ms. Doe was sexually assaulted by another student at George Washington University ("University"). Her rapist was found responsible and sanctioned at a campus disciplinary proceeding at the University. Doe's contemporaneous Motion to Oppose Release of Unredacted Material is in response to this Court granting the request of Plaintiff in the above-captioned

2

proceeding for Doe's unredacted educational records specific to her sexual assault, Title IX complaint, and the disciplinary proceedings of her rapist. It is difficult to imagine a matter of a more sensitive and highly personal nature than the sexual assault of a young person.

2. *Identifying Jane Doe exposes her to a risk of retaliatory mental and physical harm*. Jane Doe's perpetrator has already sexually assaulted and physically abused her. As such, Doe has sufficient reason to fear for her safety should her perpetrator learn of the release of her unredacted records pertaining to his campus disciplinary proceedings.

3. *The instant action is between private parties and Jane Doe is not a party*. This factor "stands at the intersection of the first and fifth factors enumerated above." *Doe v. U.S. Dep't of State,* 1:15-cv-01971, 2015 WL 9647660 at *1 (D.D.C. Nov. 3 2015). Ms. Doe is innocent of any wrong-doing with regard to the sexual assault committed against her and she is not a party to this case.

4. *There is no risk of unfairness to the named parties in allowing Ms. Doe to proceed under pseudonym*. None of the legal issues in Plaintiff's case turn on Ms. Doe's true identity. Plaintiff is seeking the unredacted FERPA-protected information of several GW Students she believes had comparable experiences dealing with certain administrators at the University following their submissions of Title IX complaints. As such, Doe's identity has no bearing on Plaintiff's ability to address the legal issues in her claims. *See Doe v. Barrow Cnty., Ga.,* 219 F.R.D. 189, 194 (N.D. Ga. 2003) (granting leave to proceed under pseudonym in case where the "plaintiff plays a relatively minor role).

3

## CONCLUSION

For the foregoing reasons, Jane Doe respectfully requests that her Motion to Proceed Under

Pseudonym be granted.

Respectfully submitted,

 _/s/Shanlon Wu_____
Shanlon Wu
D.C. Bar No. 422910
Wu, Grohovsky & Whipple, PLLC
Ronald Reagan Building and International
Trade Center
1300 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004
swu@dcwhitecollar.com
202-204-3053 office
202-747-7518 fax
*Attorney for Jane Doe*

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of November 2017, a copy of the above Motion to Proceed under Pseudonym and Memorandum of Points and Authorities in support thereof was electronically served via the CM/ECF system to the following persons:

**Yael Bromberg** (*pro hac vice*)
Aderson Francois (D.C. Bar No. 498544)
Institute for Public Representation
Georgetown University Law Center
600 New Jersey Avenue, NW, Suite 312
Washington, D.C. 20001
*Counsel for Plaintiff Ricca Prasad*

**Daniel Hornal** (D.C. Bar No. 1006894)
Talos Law
705 4th Street, NW
Washington, D.C. 20001

**William D. Nussbaum**
Saul Ewing LLP
1919 Pennsylvania Avenue, NW, Suite 550
Washington, D.C. 20006

**Christina D. Riggs** (*pro hac vice*)
Saul Ewing LLP
Central Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
*Counsel for Defendant the George Washington University*

Respectfully submitted,

_/s/Shanlon Wu_____
Shanlon Wu
D.C. Bar No. 422910
Wu, Grohovsky & Whipple, PLLC
Ronald Reagan Building and International
Trade Center
1300 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004
swu@dcwhitecollar.com
202-204-3053 office
202-747-7518 fax
*Attorney for Jane Doe*