**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| RICCA PRASAD | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | **Civ. Action No. 15-cv-1779 (ABJ)** |
| v. | ) | |
| | ) | |
| THE GEORGE WASHINGTON | ) | |
| UNIVERSITY | ) | |
| | ) | |
| *Defendant.* | ) | |

### MOTION TO OPPOSE RELEASE OF UNREDACATED MATERIAL

Pursuant to the Family Educational Rights and Privacy Act of 1974 ("FERPA"),

20 U.S.C. § 1232g, Jane Doe, a non-party to the above-captioned proceeding, moves for protection

from the Court to prevent the production of her FERPA-protected information in the case.

Ms. Doe applies for protection on the basis that her privacy interests pertaining to

information contained in her education record at the George Washington University specific to her

sexual assault by another student, Title IX complaint, and the disciplinary proceedings for her

rapist, outweigh the Plaintiff's need for her personally identifiable information.

1

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO OPPOSE RELEASE OF UNREDACATED MATERIAL

Pursuant to the Family Educational Rights and Privacy Act of 1974 ("FERPA"), 20 U.S.C. § 1232g, Jane Doe, a non-party to the above-captioned proceeding, moves for protection from the Court to prevent the production of her FERPA-protected information in the case.

## I.    Background

Plaintiff, Ricca Prasad, served discovery requests on Defendant, the George Washington University ("University"), which required the University to produce certain information from former students of the University ("GW Students"), including the instant Applicant, Jane Doe.

Consistent with the protection for student records afforded by FERPA, the University redacted Doe's personally identifiable information. Ms. Prasad then requested that the University produce those documents in unredacted form.

On August 1, 2016, this Court granted Ms. Prasad's request and entered an order compelling the University to produce certain documents from the education records of those GW Students, including Ms. Doe, in unredacted form.

On August 1, 2016, this Court further ordered that the University provide notice to the affected GW Students instructing that they have "21 days from the date of the notice to make application to the Court for protection against disclosure of their FERPA-Protected Information in the case." *See* Order attached herein as Exhibit A.

On October 20, 2017, the University provided notice to Movant. *See* Notice attached herein as Exhibit B.

2

**II.      Argument**

      **A.      The Court Should Protect Jane Doe's Unredacted Education Records Because Her Privacy Interests Outweigh Plaintiff's Need for the Information**

Ms. Doe applies for protection on the basis that her privacy interests outweigh the Plaintiff's need for the information at issue. FERPA provides that no federal funds shall be available to any educational institution which releases educational records to any individual, agency, or organization not specifically excepted by statute, unless, among other exceptions, "such information is furnished in compliance with judicial order, or pursuant to any lawfully issued subpoena, upon condition that parents and the students are notified of all such orders or subpoenas in advance of the compliance therewith by the educational institution or agency." *Id.*

In enacting FERPA, Congress recognized the importance of protecting students' privacy. "The statute's purpose is to ensure access to educational records for students and parents and to protect the privacy of such records from the public at large." *Student Press Law Center v. Alexander*, 778 F. Supp. 1227, 1229 (D.D.C. 1991). Moreover, under 20 U.S.C. § 1232g(f), "FERPA authorizes the Secretary to terminate all federal funding of an institution if there has been a failure to comply with the provisions of this section, and . . . compliance cannot be secured by voluntary means." *Id.* at 1229.

In this case, a redacted version of Ms. Doe's records contains sufficient information for the needs of Ms. Prasad. Such a ruling would be consistent with *Lei Kev. Drexel Univ.*, 2013 U.S. Dist. LEXIS 35848 (E.D. Pa., Mar. 14, 2013), in which the Court decided whether to release to Plaintiff "the redacted student files, which delete personally identifying information, or the un-redacted student files with the personally identifying information." *Id*.  In making its decision, the Court balanced the privacy interests of the students against the genuine need of Plaintiff for the

information. The Court decided "that despite the identifying information not being made available to Plaintiff, the redacted records that will be provided contain sufficient information to allow Plaintiff to compare himself to other students in order to support his claim." *Id.* at 17.

Here, the Plaintiff is now seeking the unredacted FERPA-protected information of GW Students she believes had comparable experiences dealing with certain administrators at the University following their submissions of Title IX complaints. Similar to *Ke,* all of Ms. Doe's personally identifying information should be redacted, because the redacted records contain sufficient information to allow Ms. Prasad to compare herself to other students in support of her claim. The documents the University has been ordered to produce include several pages of Doe's electronic communications with the University and her family[1] pertaining directly to her sexual assault and corresponding complaint made to the University. The emails were accessed from Ms. Doe's server without her consent. None of the legal issues in Plaintiff's case turn on Ms. Doe's true identity.

Furthermore, identifying Jane Doe exposes her to a risk of retaliatory mental and physical harm. Jane Doe's perpetrator has already raped her and physically and mentally abused her. Doe has sufficient reason to fear for her safety should her perpetrator learn of the release of her unredacted records pertaining to his campus disciplinary proceedings. For these reasons, this Court should find that Ms. Doe's privacy interests outweigh Plaintiff's need for the highly sensitive unredacted information.

### B.    This Court Should Order Further Redaction of Ms. Doe's FERPA-Protected Education Records

The initial redacted disclosure was overly broad because it contained information which is

---

[1] Moreover, any disclosure of Ms. Doe's communications may violate attorney-client privilege and attorney work-product protections because Ms. Doe's father is an attorney.  Under such circumstances, Ms. Doe must be provided a chance to fully assert privilege as well as privacy issues.

immaterial and irrelevant to these proceedings. Only Doe's name was redacted and the unredacted details surrounding her sexual assault complaint and related disciplinary proceedings against her rapist make her identity easily ascertainable. This fits squarely within the definition of Personally Identifiable Information above which includes, "[other information that, alone or in combination, is linked or linkable to a specific student that would allow a reasonable person in the University community, who does not have personal knowledge of the relevant circumstances, to identify the student with reasonable certainty." *See* 34 C.F.R. § 99.3 (2009). (defining personally identifiable information to include "[i]nformation requested by a person who the educational agency or institution reasonably believes knows the identity of the student to whom the education record relates").

The documents the University has been ordered to produce include several pages of Doe's electronic communications with the University and her family pertaining directly to her sexual assault and corresponding complaint made to the University. These details make her easily identifiable.

## III.    <u>Conclusion</u>

WHEREFORE, for these reasons and any such reasons that shall appear to the Court, non-party Doe, through undersigned counsel, respectfully requests that this Court prevent the disclosure of her unredacted FERPA-protected information in the above-captioned proceeding and order further redaction of all personally identifiable information enumerated in 34 C.F.R. § 99.3 (2009), as undersigned counsel highlighted in yellow. *See* Exhibit C.

Respectfully submitted,

 */s/Shanlon Wu*_____
Shanlon Wu
D.C. Bar No. 422910
Wu, Grohovsky & Whipple, PLLC
Ronald Reagan Building and International
Trade Center
1300 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004
swu@dcwhitecollar.com
202-204-3053 office
202-747-7518 fax
*Attorney for Jane Doe*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of November 2017, a copy of the above Motion and Memorandum of Points and Authorities to Oppose Release of Unredacted Material was electronically served via the CM/ECF system to the following persons:

**Yael Bromberg** (*pro hac vice*)
Aderson Francois (D.C. Bar No. 498544)
Institute for Public Representation
Georgetown University Law Center
600 New Jersey Avenue, NW, Suite 312
Washington, D.C. 20001
*Counsel for Plaintiff Ricca Prasad*

**Daniel Hornal** (D.C. Bar No. 1006894)
Talos Law
705 4th Street, NW
Washington, D.C. 20001

**William D. Nussbaum**
Saul Ewing LLP
1919 Pennsylvania Avenue, NW, Suite 550
Washington, D.C. 20006

**Christina D. Riggs** (*pro hac vice*)
Saul Ewing LLP
Central Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
*Counsel for Defendant the George Washington University*

Respectfully submitted,

_/s/Shanlon Wu_____
Shanlon Wu
D.C. Bar No. 422910
Wu, Grohovsky & Whipple, PLLC
Ronald Reagan Building and International
Trade Center
1300 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004
swu@dcwhitecollar.com
202-204-3053 office
202-747-7518 fax
*Attorney for Jane Doe*

7